It's now time for me to say good afternoon. And thank you for your patience. If the lawyers would, we'll call the case first of all, and the lawyers can identify themselves. Case number 11-2104, consolidated with 11-1756. Ellis and Nathaniel Washington v. State of Illinois, Office of the State, Appellate Defender, and Michael J. Belladere. Edward Watkins v. State of Illinois, Office of State, Appellate Defender. All right. Will the lawyers please identify themselves for the record? Good afternoon, Your Honor. John Moran on behalf of the Appellant. Call the set for the State. All right, gentlemen. Thank you. Welcome to you both. We'll just begin with Ms. Moran. May it please the Court. Counsel. The cases before you are consolidated. They bear some great procedural similarities. Ellis Washington and Ed Watkins, who is now deceased. We're going to file a substitution of an independent administrator. Has that been filed already? We were waiting for his widow to finish the paperwork. You better expedite. Yeah, I'm trying to. Mr. Washington filed a charge of discrimination with the Illinois Department of Human Rights I think we're familiar with the facts, Mr. Moran. Okay. She received a letter pursuant to policy of the Department of Human Rights on February 16th of 2010. The letter told her that she could either go to the Human Rights Commission with her finding of substantial evidence or she could commence a civil action within 90 days. She relied on the letter and chose to file suit in the Circuit Court of Cook County. Similarly, Ed Watkins followed the same procedures and chose to file a case in the Circuit Court of Cook County. As the Court is well aware, the Circuit Court of Cook County in both instances found that the matter, the right to go to the has been waived and has been waived for quite some time in this case. It's also waived by except for the Legion cases that will tell you that the right to sue the sovereign for present relief is restricted to the Court of Claims, which then has its own limitation because the Court of Claims can't pay more than $100,000 in the event of liability. Well, this case doesn't come out of the woodwork. The critical issue on the question of whether or not there's waiver of sovereign immunity is whether the legislature intended to impose liability upon the State, not how or where the intent is expressed. It has to be unequivocal, though, doesn't it? Clear and unequivocal. And we agree that it has to be clear and unequivocal. And that's been discussed in two cases mentioned by the State and it's agreed. One was Martin v. Giordano and the other one is People v. Carter. In Martin v. Giordano, the State argued that sovereign immunity was not waived because the waiver language did not appear in each section of the statute that it issued there. In People v. Carter, the public court considered the Sexually Dangerous Persons Act. Well, do you think that clear and unequivocal doesn't mean that it has to include the words, a claim under the Illinois Human Rights Act? Just as it does with respect to Title VII, so I'm giving you an opportunity now to turn to that. I think the point we're all trying to make is that it sets out with specificity the several statutes under Illinois law and several statutes under the Civil Rights Act. They were clearly aware in the legislature that the Illinois Human Rights Act exists and they didn't say under the Illinois Human Rights Act and under Title VII of the Civil Rights Act. It says under the Civil Rights Act. Right. That's Section 1.5D. 1.5D was written four years before the legislature put in this right to go to the circuit court. So if you're suggesting that the Illinois Human Rights Act in total contains no waiver of sovereign immunity, then the last 30 years in which the state has been sued successfully in the Illinois Human Rights Commission. Yeah, but the Human Rights Commission deals with violations outside of the sovereign as well, does it not? In other words, if you're an employer of more than 15 people, you don't have to be the sovereign to be suable under the Human Rights Act. Human Rights Act. Yes. Human Rights Act specifically defines an employer as including the state of Illinois. Including. All right. But why would a provision of access under the Human Rights Act of the circuit court be directed like a bullet with the name on it to waive the immunity of the sovereign who is among the employers embraced under that act? Well, first of all, the January 2008 amendments, which included a change, a structural change on where you appeal requests for review, and then this procedural change which allowed one to go directly to the circuit court. Which means that the Human Rights Commission is not a circuit court and never has been and never will be, really, right? Particularly with the structure that its chief lawyer is also its chief judge, which has always troubled me a bit, frankly. Right. But in any case, the Human Rights Act covers both the kind of claim here, the legislature. Let's go back. The legislature, as you indicated at the very beginning, is presumed to understand what's occurred. They understand that they passed four years earlier this 1.5D. And that was to address a specific concern. The legislature understood that the Human Rights Act was passed under a cloud back in 1979 and 1980 because of various housing lawsuits against both the city of Chicago and other things where there was no remedy. The Human Rights Act included various and is actually broader than the federal Title VII rights to some extent. The Human Rights Act allows suit for claims of sexual identity, transgenderism, all kinds of civil. Counsel, if I may, you have a number of other arguments. So I'm going to try to at least let you know where I stand on this side of the day so you'll know how to allocate your time a little better. Because the argument that you want to make from the fact that the Human Rights Act, that jurisdiction was opened to the circuit court as being in itself a waiver, is not terribly persuasive with me, particularly since it does provide for Title VII actions, sovereign immunity being waived, excluding its own human rights violations from being waived. So it knows how to accept E-X-P-E-C-T, a civil rights violation from the bounds of sovereign immunity by saying so. Well, the legislature, we all know, does many things that are not terribly comprehensible. But first of all, the Illinois Human Rights Act is based on and specifically incorporates Section 17, 18, 19 of Article I of the Constitution, which covers employers and says that employers in Illinois shall not discriminate in hiring or promotion on the basis of race, color, or creed. 18, equal protection of the law is not being denied on account of sex, and 19, any employer can discriminate against the disabled. Race and disability are two of the claims raised by Alice Washington and one of the claims raised by Ed Watkins. Now, I understand that the court knows that the statute was amended in January 2008. Our point merely is that in line with that amendment and in line with the letter that they received from the state of Illinois, they filed suit in the circuit court. It's the state of Illinois who told them to file suit. So there is a disconnect. In both of those letters, I mean, this is going further down the road, but in both the letters didn't they say they had only 90 days to do so under Title VII? They didn't say anything about Title VII. The letter that said they could pursue the action, wasn't there a letter that they each received? Or at least one of them, that's right. They both received letters saying that there was a substantial finding of a civil rights violation included within the Illinois Human Rights Act. Weren't they given, didn't they have an option at some point to decide whether to file under the Illinois Human Rights Act or Title VII or Title VII? Title VII never really came up. Title VII, which would mean a filing in federal U.S. district court, causes us to step back. There is what they call, if you file with the Illinois Department of Human Rights, there are joint agreements running between that and EEOC. But there's a separate letter here from the EEOC. There would be a separate letter from the EEOC. Because this letter creates a period of limitations that was not violent, because they did proceed within 90 days with regard to the department's letter. But they didn't proceed within 90 days with regard to the letter from the EEOC. But that's jumping further ahead than your contemplated right now. But in point of fact, aren't you now saying that since the department issued a letter with the right to sue, that that constitutes a waiver? The corollary to that is that the department, before any litigation, was charged with the responsibility and the authority to decide the sovereign immunity question before trial. Before any hearing, whether before it, as the agency, or before the court. And that can be canon. Well, the department's actions in this particular case, or let's put it this way. Well, if it doesn't say in the letter that it is, in fact, saying, here, you're barred by sovereign immunity, and is that procedurally, does that make sense? That this decision, and the authority for this decision, should be made on the basis of their own unilateral investigation? What the commission, or the unified commission said. I don't think that applies, counsel. Well, I'm not saying that. That was your point. Well, but that's, in fact, what's implicit when you're saying that this letter telling them that they have a right to sue here, or in the agency, or in the circuit court, in effect, constitutes a waiver of sovereign immunity. The implication is that they shouldn't send a letter where there is sovereign immunity, which tells us that they should be the ones who decide whether there's a waiver of sovereign immunity or not.  And that's what the commission said at that stage of the grievance. They have some culpability on that question. The bottom line here is that the department sent a letter. People are entitled to rely upon it because they've been following the processes that they were presented with that are set out in the Illinois Human Rights Act. And people are not going to read the Illinois Human Rights Act. I don't think you have an estoppel case here, counsel. I don't know that this is our position. The good lawyer that you are, that you're not proposing that as your... It's just... What you have when you're dealing with the question of sovereign immunity is a mosaic of different interests that come to bear on determining whether or not sovereign immunity was waived by the statute. We pointed out that the term go to the circuit court exists. It's pervasive throughout the amended statute. The amended Human Rights Act has numerous references to go to the... It has an entire section, Article 10, which says circuit court. Isn't part of the issue here that you're conflating the way they say that you can go as an aggrieved person if you're employed by a private employer with this applying to all people regardless of... They're covered by sovereign immunity. In other words, that is not inaccurate for all the people who are employed by employers that are covered by the act who don't have sovereign immunity. But what you're really saying is it's a tacit acknowledgement that sovereign immunity doesn't attach to this when the law says that in order to have sovereign immunity waived, it can't be tacit. It has to be clear and unequivocal. Excuse me, unequivocal. Well, two responses to that. The Carter case... I may point out to you that the clock is running. You're welcome to argue this case any way you wish, but your time is going to be limited since it's afternoon, I'm sorry to say, and people have appointments and the like. So you may want to think... I'll be quick, then, Your Honor. They included the state in the definition of employer in 1980. And that continues to be the definition. So it is the Attorney General's argument that would create two classes of employees in Illinois. They would create a class of employees for those employed by private individuals who could sue in the circuit court, and they would create a class of employees who happen to work for the state who are forced to either go to the United States or go to Illinois. But what about somebody who's injured in an automobile accident, for example? And there are rules on how you can proceed there. And there are differences between whether you're going to be suing the Tribune for having its truck hit you, or if you're going to be suing the state of Illinois for its truck hitting you. That type of distinction goes across so many different types of injuries, because it's the same thing. And it's the same thing because of the doctrine of sovereign immunity. And you can't draw, I don't think effectively, a conclusion that because employers writ large includes both private and public employers, that somehow sovereign immunity is implicitly, and I'll use the word again, implicitly waived in those circumstances, because that would basically negate sovereign immunity as a viable doctrine. Which may be something that on a personal level makes sense to me, but it's not what the law says. Negligence cases are not the same as cases of charging discrimination. The public policy of the state and in the state constitution makes it very clear that they're not the same. Mr. Moran? Did the trial judge reference at all, like I thought he did, Graves and Harris, Cook, some of these federal decisions? Did he reference those at all, or were they referred to by the parties? One of the judges referenced the Graves decision. Judge Lefkowitz. Well, in your brief, you chose not to discuss these at all, or in the reply brief. Why? Why wouldn't you discuss these cases that seem to be going against everything you're saying? Well, first of all, they're not decisions by the Seventh Circuit Court of Appeals. They're decisions by the single judge. Apart from we're not being found by them, but when they hold specifically against you, why wouldn't you at least try to explain to us what's... Well, one of the cases, in fact, the only one that deals with this issue, in part, isn't really factually in point. I believe that's the... I think the broader question, Mr. Moran, is, I can just tell you that from the standpoint of most of us who sit here, when we find out about cases that seem to touch pretty close to our fact situations, only when we read the appellee brief, it's not a warm and fuzzy feeling that we get. These cases... That was... That was a case in which the question was raised, and she found that there was immunity and there was no appeal to it. The question has not been directly raised in the Illinois appellate courts. In fact, whether or not sovereignty applies to the Human Rights Act pre-Circuit Court has never been directly addressed by the reviewing courts in the state. I wanted to get back to... Our position was we could have been allowed to amend our pleadings and that was denied by the court. Well, why would the court permit you to amend the pleading that would have been dismissible on statute of limitations? Only in one case, potentially dismissible. But in the other case, there wasn't even a right to sue letter that was issued for the type of claim that you're raising. And isn't that a conditioned precedent to filing a lawsuit, the wrongful discharge aspect of it, or the constructive discharge aspect? Well, you're asking, as to the other case, the question was whether or not we ever received a right to sue letter in the Washington case, and we hadn't received one at the time. Well, there were really two problems, at least that I see. The first is the statute of limitations issue because you didn't act within the 90 days of the WOC's letter. The second is that you really, in this particular case, aren't you suing an employee? That's a separate issue. Yeah, it is a separate issue. And we argued that that was never dealt with adequately by the circuit court because the law in Illinois is clear that if one acts outside the scope of his authority and does something that is patently barred by either our Constitution or case law, that you can be sued for that kind of activity. The employee could be sued if he bears other liability under either statutory or common law. But what liability does the individual employee have here that you have charged him with in your pleadings? We asked to amend the pleadings. Well, why should you ask to amend the pleadings to join Title VII? Right? Okay. And Title VII has its fixed period of limitations, and which you have not complied with. So you haven't asked to amend pleadings in order to bring an action for assault or for, well, you have one infliction of emotional distress in one case, don't you? But that's it. Senn Park Nursing Center is the case that we relied on for the individual liability. Yeah, but Senn Park is a case dealing with mandamus. And says that a mandamus action does not seek present relief, but seeks relief in futuro. And there you could ask an employee who stands between you and the State to collect the damage by virtue of requiring his certification of your claim to act in accordance with his statutory duty. But other than mandamus, it doesn't work, because any time you sue an employee to get to the State, any time the State keeps you from recovering, you could claim that the State only acts through employees. It doesn't act through heavenly emanations. So any time an employee doesn't act on behalf of the State, you can claim he's not acting in accordance with the statute. But Senn is not the case that says that, and the more recent case of O'Donnell makes that clear. Well, the bottom line here is does one who's a victim of racial discrimination, because the facts here are deemed admitted as well pleaded, have a channel to seek relief? And the fact of the matter is that what you're saying is that the Is there a right to relief in the Court of Claims? No. No. That's what sovereign immunity is all about, whether you like it or not. The 1970 Constitution abolished the doctrine, but don't forget that the doctrine historically comes from the same period of time where killing the king's deer was a capital offense for which you'd be hung. Nobody's proud of that, but that is the law and was constitutionally acceptable until our Constitution revised that rule, but said in order to implicate the State in liability, you have to explicitly waive your right to sovereign immunity. And that's what we're stuck with. We're another branch of government stuck with the implementation of both the Constitution and the Act of 1970 for this clear and unequivocal waiver. The case law seems to say that you do not have to have talismanic praise that we waive sovereign immunity. So my argument is that there was a possibility here of seeking remedial correction here, of remediating the claim, if there would have been a Title VII action filed within the EEOC's 90-day period. Nobody is sitting here saying that that claim would not be able to fly. But it wasn't exercised. And now we can't break down walls that are already built. That would only apply to one of the two appeals. But I think that there are certain rules, the 300-day rule and the filing rules for EEOC are equitable doctrines. And those doctrines under Zenneman v. Birch can be waived or they can be put to the side. And one of the bases for those waivers happens to be a lulling by a governmental institution into believing that you have a right. But in any case, I wasn't sure how much time I had, but I'll leave myself a minute. But I'd ask that the Court either reverse a remand or certify that question. Thank you. Good afternoon, Your Honors. May it please the Court, Counsel. My name is Paul Brissette. I'm an Assistant Attorney General for the State of Illinois, and I represent both the Office of the State Appellate Defender and the State Appellate Defender himself. This is really a fairly simple issue. The Supreme Court has required that there be an express waiver of sovereign immunity for sovereign immunity to be waived, and there is not one here. They have not pointed to an express waiver of sovereign immunity for the Illinois Human Rights Act, either in the State Lawsuit Immunity Act or in the Illinois Human Rights Act itself. Instead, they ask you to infer a waiver, but you cannot do that under the Supreme Court precedent. They mainly rely on those 2004 amendments to the State Lawsuit Immunity Act, where there were waivers for five different federal statutory claims. However, the IHRA, the Human Rights Act, is not a federal statute, and it's not listed specifically. And it would have made no sense for the legislature to express the waiver of sovereign immunity for the Illinois Human Rights Act at the time because back in 2004, no one could bring a human rights action in circuit court. Everyone had to go to the commission. For approximately 30 years, the Illinois Human Rights Commission was the exclusive body for adjudicating claims of discrimination against Illinois employers, whether the state, local government, or private. And there's not a sovereign immunity problem because it's not a court. It's an adjudication. The State Lawsuit Immunity Act says only that the state cannot be made a defendant in a court. So that's why it's not a problem to sue. So you mean if the choice were to have the administrative road followed, so to speak, that there would have been recovery? Well, I don't know if they would have prevailed on the merits, but they would have been allowed to litigate in front of the commission, yes, Your Honor. So the commission would have subject matter jurisdiction over a sovereign immunity claim, which under the Sovereign Immunity Act deprives the circuit court of jurisdiction and gives the Court of Claims exclusive jurisdiction. Right, and the reason that the Court of Claims can hear is because the Court of Claims is not a real court either. The Court of Claims is a branch of the legislature. It's actually an arm of the legislature. So the commission is an executive agency. The Court of Claims is a legislative. So there are no sovereign immunity implications in going to one of those venues. So this is really just a question about venue. They still can bring a Human Rights Act claim against the Office of the State of Public Defender. At that point, enforcement would still preclude a direct action against the state for collection, but that would invoke the Senn case, which would permit mandamus against the employee to act on behalf of the state. Right, and I think the commission can award damages, and I think, I don't know if it's ever been tested whether that's enforceable, but I know that the state has been sued for many, many years in the Illinois Human Rights Commission and can continue to be so. The only thing that happened with this 08 amendment was in general, the legislature at the beginning of the Plaintiffs' Fire has said that now people with charges filed after January of 08 can choose, if there's a finding of substantial evidence by the department, to either go to the commission or the circuit court. So people who work for private employers, people who work for the county, the city, they have both options. However, because there was no express waiver of sovereign immunity, people who are state employees can only adjudicate through the Human Rights Commission, which they've always been able to do. So they had nothing taken away, they just weren't given this additional option that most complainants were. And really all that's lacking is, to deprive Mr. Moran of his argument, is they haven't said, and by the way, don't forget the Department of Human Rights is not employed by the state. That would have been maybe helpful in this circumstance, but your argument is that it doesn't equate to a clear and unequivocal waiver. Right, it seems like he's sort of shifting his argument now and trying to argue estoppel. I didn't see any of that in the briefs. And of course, the Department of Human Rights is not a party to this. This is a suit between the plaintiffs. For estoppel, there has to be reliance and injury based on reliance. The only reliance aspect there would be the cost of filing suit, not the recovery. Because that would be the only injury that could have resulted from the estoppel having the impact that it might have. Right, and the estoppel would have to be argued against the defendant, the employer, not against the department. OSAD doesn't control what the department does. So it's unfortunate if the department gave incomplete advice, but that certainly wouldn't bind OSAD. And also, the law is that the legislature has to expressly waive sovereign immunity. The department can't waive sovereign immunity. Our office can't waive sovereign immunity. Only the legislature and the statutes itself can do that. Well, there is government estoppel, although it's more difficult to obtain. I'm quoting the Horn book on it, and they do talk about being more difficult, but they talk about the fact that it's still operational. Correct, but it still would have to be a party to the suit. That comes up particularly in zoning. Wouldn't it have to have been argued in the trial court in the end here? Plus, you know, this is, sovereign immunity goes to subject matter jurisdiction. So even if the parties agree that there is jurisdiction, if there's not, there's not. So nothing that the letter says could create subject matter jurisdiction where there isn't. So they had a couple options in general in this suit. With the Human Rights Act claim, they could have filed a complaint in the Human Rights Commission for the Title VII federal claims. They could have filed a suit in either the circuit court because of the amendments to the Civil Lawsuit Immunity Act in 04, or in federal court. But to do that, they had to do that within 90 days of receiving the right to sue letters, which are letters from the EEOC, which is different from the letter that the Department gives about the Human Rights Act claim. And Mr. Washington, I'm sorry, Mr. Watkins did not pursue that avenue, and Ms. Washington did not do it on one of the charges and on the other charge there has been no right to sue letter that we're aware of. So their claims are either time-barred or premature regarding Title VII. So that's why it would be futile to allow amendment. What about an individual action for infliction of emotional distress? They did bring two tort claims, that one and loss of consortium. However, they did not appeal the dismissal of those claims. Those, I think, were clearly barred by the statute of limitations because in Illinois, it's two years for a tort. Unless the Court has any questions, we'd ask you to affirm. Thank you.  The State refers to Supreme Court precedent on clear and unequivocal. They didn't cite it in their brief, and they didn't cite it today. The Harris case deals with a pre-2008 violation of Title VII and of race discrimination. So the DICTA was looked at and she gave them the benefit of the doubt and decided to address that. The Graves case by Judge Reinhart merely refers to the Harris case, which is Judge Lefkoe's case. Our position was and is simply that under Martin v. Giordano and under Peeble v. Carter we look at the history and structure of the Act and since the concept of sovereign immunity is based upon preservation of state funds from interference or seizure through the award of monetary damages which is the old Groves case, 93 Illinois 2nd, 397-401, our position is simply that if you look at the Human Rights Act, which has subjected the state to the award of money damages and costs since 1980, that the state and that the legislature was well aware of that and the legislature was further well aware when it made the amendment to allow cases to go to the circuit court that all they were doing was changing the fora and they were not changing the substance of the Human Rights Act and its application to the state, which is an employer expressly defined in the Act. Thank you very much, both lawyers, for a fine presentation and fine briefs. We'll take the matter under advisement and we will issue a ruling in due course. Yes, court is adjourned.